IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CAROL A. NICHOLS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| VS. ) | Cause No.: 07-45-DRH |
| ) | |
| **CSX TRANSPORTATION, INC.** ) | |
| ) | |
| Serve:  R.D. Haggerman ) | |
|        c/o CSX Transportation, Inc. ) | |
|        3900 Rose Lake Road ) | **JURY TRIAL DEMANDED** |
|        East St. Louis, IL 62201 ) | |
| ) | |
|     **Defendants.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, **CAROL A. NICHOLS**, by and through her attorneys, KUJAWSKI & NOWAK, P.C., and for her Complaint against the Defendant, **CSX TRANSPORTATION INC.**, (**hereinafter referred to as CSX**), states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51-60, and Title 28 Section 1331, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, **CSX**, was and is a corporation controlled, operated, and maintained in interstate commerce, and in transporting interstate commerce between various states including the States of Illinois and Kentucky.

3. That at all times relevant herein, the Defendant, CSX, maintains a switching yard, and repair and inspection facilities, located at 3900 Rose Lake Road, in East St. Louis, St. Clair County, Illinois.

4.   That at all times relevant, Plaintiff CAROL A. NICHOLS received treatment, including surgery, with Dr. George Schoedinger who maintains a medical practice in Belleville, St. Clair County, Illinois.

5.   That at all times mentioned herein, the Defendant, **CSX,** was engaged in the transportation of its employees, freight, and equipment, between various states including the States of Illinois, Kentucky, and Tennessee.

6.   That at all times relevant herein, the Plaintiff, CAROL A. NICHOLS, was employed by the Defendant, **CSX**, as a locomotive conductor.

7.   That at all times mentioned herein, all or part of the duties of the Plaintiff, as such an employee of the Defendant, CSX, furthered interstate commerce conducted by the Defendant or in some way directly or substantially affected said commerce.

8.   That on or about April 10, 2005, Plaintiff was performing her duties and tasks in Christian County, Kentucky.

9.   That at the above-mentioned time and place, the Plaintiff was attempting to engage a switch.

10.   That at said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following acts or omissions to wit:

    (a)   Failed to furnish Plaintiff with a reasonably safe place in which to work;

    (b)   Failed to provide Plaintiff with a safe method of work;

    (c)   Failed to inspect its switches for malfunctions;

    (d)   Failed to implement a system of routine inspections, maintenance and repair for its switches;

    (e)    Required Plaintiff to operate a defective and malfunctioning switch;

    (f)    Failed to repair or replace chipped or worn switch points;

    (g)    Violated 49 C.F.R. Section 213.135 as follows:

        i)    in failing to have its stock rails securely seated in switch plates;
        ii)    in failing to have its switch points fit its stock rail properly;
        iii)    in failing to maintain its switches so that the outer edge of the wheel tread cannot contact the gage side of the stock rail;
        iv)    in failing to have the heel of each switch rail secured with its bolts tightened;
        v)    in failing to have its switch stand and connecting rods securely fastened and operable without excessive lost motion;
        vi)    in failing to replace or repair chipped or worn switch points;

    (h)    Violated 49 C.F.R. Section 213.233 in that:

        i)    Defendant failed to inspect its tracks in accordance with the prescribed inspection schedule;
        ii)    Failed to perform inspections by foot or by riding over the track in a vehicle at a speed allowing a visual inspection of the track structure;

    (i)    Violated 49 C.F.R. Section 213.235 as follows:

        i)    in failing to inspect its switches on foot on a monthly basis;
        ii)    failed to inspect its switches as prescribed once every three months; and

    (j)    Allowed unsafe practices to become the common practice.

11. That as a direct and proximate result in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, by Defendants agents, servants, and employees, the Plaintiff was injured while attempting to throw a defective and malfunctioning switch, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft

tissues, bones, and vertebrae of the neck, back, and spine; that Plaintiff has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries, that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from her usual occupation; that Plaintiff has sustained a permanent impairment of her earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from her injuries and will be obligated in the future to spend large sums of money for necessary medical care, treatment, and services; all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, **CAROL NICHOLS**, prays judgment against the Defendant **CSX** in an amount in excess of $75,000.00 adequate to fairly and reasonably compensate her for damages sustained herein plus costs of this suit, plus pre-judgment interest, and for whatever further relief may in the premises be just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

KUJAWSKI & NOWAK, P.C.

**By: s/ Nancy R. Richards**
NANCY R. RICHARDS, #6257971
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
Telephone:  (618) 622-3600
Facsimile:   (618) 622-3700
**ATTORNEYS FOR PLAINTIFF**

4